UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KACY DUANE LLOYD,<br><br>　　　　　Petitioner,<br><br>　　　　v.<br><br>TERI GONZALEZ, WARDEN,<br><br>　　　　　Respondent. | ) CASE NO. CV 11-3321-PJW<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>) DISMISSING PETITION AND DENYING<br>) CERTIFICATE OF APPEALABILITY<br>)<br>)<br>) |

I.

INTRODUCTION

　　Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that his sentence is unconstitutional because the trial court imposed an upper-term sentence based on facts that were not proved to a jury beyond a reasonable doubt.  For the following reasons, the Court finds that the trial court did not err.

II.

STATEMENT OF FACTS

　　Petitioner was charged with selling crack cocaine.  He faced a 25-years-to-life sentence due to the fact that, if convicted of the charge, it would have been his third strike under California's Three Strikes law.  Instead of going to trial, Petitioner entered into a

1 plea agreement with the prosecutor in which Petitioner agreed to plead
2 to the charges and receive a ten-year prison sentence in exchange for
3 the prosecutor dropping one of the strike allegations.
4    Petitioner (and his co-defendants) appeared at a change of plea
5 hearing with counsel and were admonished by the prosecutor on the
6 record:
7    You each have a right to a jury trial.  You would have
8    the right to have the charge and the allegations against
9    you, that's including all of the alleged prior convictions
10   and special allegation, decided by a jury of 12 persons.
11   Every charge and allegation would have to be proven by the
12   People beyond a reasonable doubt.
13 (Lodgment No. 8, Report's Transcript from Plea and Sentencing
14 (hereinafter "RT") at 6.)
15    Petitioner acknowledged that he had the right to a jury trial on
16 the substantive charge, the priors, and any special allegations (RT 7)
17 and, thereafter, pleaded no contest to the charge and admitted the
18 special allegation:
19    [The Prosecutor]:    Now, as to [Petitioner], to the charge
20                        in Count 1, violation of 11352(a),
21                        that's a felony, commonly known as sale
22                        of a controlled substance, to wit,
23                        cocaine base, how do you plead?
24    [Petitioner]:       No contest.
25    [The Prosecutor]:   As to the special allegation pursuant to
26                        Penal Code section 1170.12(a) through (d) and
27                        667(b) through (I) that you suffered two
28                        felony convictions that were serious or

|   |   |
|---|---|
| 1 | violent felonies in Case No. TA022987, |
| 2 | violation 211, May 1, 1997 and NA027795, |
| 3 | violation of section 211 on November 1, 1996, |
| 4 | do you admit or deny this allegation? |
| 5 | [Petitioner]:   Admit. |

(RT 11.)

The trial court then sentenced Petitioner to ten years in prison in conformance with the plea. (RT 13.) This sentence was based on the high term of five years on the substantive charge doubled to ten years based on the fact that Petitioner had a prior serious felony conviction. (RT 13.)

Petitioner subsequently filed habeas corpus petitions in the state superior court and state supreme court, claiming that his sentence was unconstitutional because he did not receive a jury trial on the sentence enhancement. (Lodgment Nos. 3 and 5.) Both petitions were denied. (Lodgment Nos. 4 and 6.) Petitioner then filed the instant Petition, alleging that the state courts erred in denying his claim.

## III.

## STANDARD OF REVIEW

The standard of review in this case is set forth in 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

3

     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable. *Premo v. Moore*, 131 S. Ct. 733, 743 (2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). To establish that the state court unreasonably applied federal law, a petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but objectively unreasonable. *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). Where no decision of the Supreme Court has squarely decided an issue, a state court's adjudication of that issue cannot result in a decision that is contrary to, or an unreasonable application of, Supreme Court precedent. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Petitioner raised the instant claim in his habeas petitions in the state courts. The state supreme court did not explain its reasons for denying the claim, but the superior court did. This Court presumes that the state supreme court rejected Petitioner's claim for the same reasons the superior court did. The Court, therefore, looks to the superior court's reasoning and will not disturb it unless it

concludes that "fairminded jurists" would all agree that the decision was wrong. *Id*.

## IV.

## DISCUSSION

Petitioner claims that the trial court was not authorized to sentence him to the upper term because no aggravating factors were admitted in court or submitted to the jury and proven beyond a reasonable doubt. (Petition at 9-23.[1]) For the following reasons, this claim is rejected.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant. *See Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). In *Cunningham v. California*, 549 U.S. 270, 293 (2007), the Supreme Court held that the middle term in California's sentencing scheme was the statutory maximum for purposes of analysis under *Apprendi*, and that California courts were barred from imposing a sentence beyond the middle term based on any fact that was not determined by a jury and proven beyond a reasonable doubt.

Petitioner alleges that his upper-term sentence is unconstitutional under *Apprendi, Blakely,* and *Cunningham* because it was not

---

[1] Petitioner has appended to his federal Petition the argument section from his state petitions. He has not numbered those pages, however. The Court has, beginning with page 8 and ending with page 23.

based on any facts admitted by him or determined by a jury. Petitioner is wrong.

First, Petitioner waived his right to a jury trial on both the substantive charge and the prior conviction allegations and accepted a negotiated sentence of ten years, in lieu of a possible 25-years-to-life sentence. Thus, the upper-term sentence (five years, doubled to ten because of a prior strike) resulted directly from Petitioner's admissions in the plea agreement and not from any facts determined by the judge. The trial court was not required to hold a mini-trial following Petitioner's plea to determine whether there was a factual basis for the aggravated sentence. In this situation, there was no Sixth Amendment violation. *See Graves v. Salazar*, 2011 WL 6942080, at *6 (C.D. Cal. Sept. 30, 2011) (finding no constitutional error in imposing upper term based on terms of the plea agreement); *Bradley v. Sullivan*, 2010 WL 1609950, at *7 (C.D. Cal. Mar. 24, 2010) (same); *see also Amezcue v. Almager*, 2009 WL 1513427, at *5 (C.D. Cal. May 25, 2009) (holding trial court had "no duty to make independent findings justifying its imposition of the upper term" in a negotiated plea agreement).

Second, there is no clearly established Supreme Court law upon which Petitioner can rely for relief. The Supreme Court has not applied the *Apprendi/Blakely/Cunningham* line of cases to "bargained-for sentences," where the defendant has explicitly agreed to the sentence he is now challenging as unconstitutional. *See Oliver v. Evans*, 2010 WL 3928752, at *2 (C.D. Cal. Aug. 16, 2010). Thus, the state court's denial of this claim was not an unreasonable application of clearly established Supreme Court law because no such rule has been

"squarely established" by the Supreme Court.  *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009).

Third, though the United States Supreme Court held in January 2007 that state judges in California could not sentence a defendant above the middle term without submitting certain enhancements to a jury, *see Cunningham*, 549 U.S. at 293, in March 2007, the state legislature amended the sentencing law to allow judges to sentence defendants to any proscribed term within their "sound discretion." *See Butler v. Curry,* 528 F.3d 624, 652 n. 20 (9th Cir. 2008).  Under this new law, which applied to Petitioner in October 2009 (i.e., the date on which he was sentenced), the trial judge was authorized in its discretion to sentence Petitioner to the upper term without any aggravating factors being proven to a jury or admitted by Petitioner. *See Pierce v. Stainer*, 2011 WL 5104092, at *4 (E.D. Cal. Oct. 25, 2011) (holding under revised law "neither a jury determination nor an admission by petitioner was required in order to impose an aggravated sentence"); *Juarez v. Allison*, 2011 WL 3654449, at *5 (C.D. Cal. Mar. 22, 2011) (finding "the upper term is the statutory maximum" under revised law); *Gomez-Perez v. McDonald*, 2011 WL 285035, at *17 (E.D. Cal. Jan. 25, 2011) (finding under revised law courts could impose upper term based on "traditional sentencing discretion"); Cal. Penal Code § 1170(b) (as amended, effective March 30, 2007).  For all these reasons, the Petition is denied and the action is dismissed with prejudice.

Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability in this action.  *See* 28 U.S.C.

§ 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

It IS SO ORDERED.

DATED: January 10, 2012.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\LLOYD, K 3321\Memorandum&Opinion.wpd